# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1780
Filed January 7, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Ryan Joseph Hahn,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Muscatine County,
The Honorable Thomas G. Reidel, Judge.

---

**AFFIRMED**

---

Britt Gagne of Gagne Law Office, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

A jury found Ryan Hahn guilty of theft in the fourth degree for stealing a lawn mower from a business. Hahn appeals and raises two issues. He contends there was insufficient evidence to support his conviction and the district court erred by denying his right to make an opening statement. We address each issue in turn.

## I. Sufficiency of the Evidence

We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). In doing so, we are highly deferential to the jury's verdict, which binds us if it is supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* In assessing the evidence's sufficiency, we view the evidence in the light most favorable to the State, including making all inferences and presumptions that may fairly and reasonably be deduced from it. *Id.*

> The district court gave the jury the following marshaling instruction:
>
> The State must prove all of the following elements of theft:
>
> 1. On or about the 20th day of September 2023, the defendant took possession or control of a push lawnmower.
>
> 2. The defendant did so with the specific intent to deprive the [business owner] of the property.
>
> 3. The property, at the time of the taking, belonged to [the business].

As Hahn did not object to this instruction, it is the law of the case for purposes of his sufficiency-of-the-evidence challenge. *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020) ("Jury instructions, when not objected to,

become the law of the case for purposes of appellate review for sufficiency-of-evidence claims."). Hahn concedes the first and third elements—acknowledging he took the mower and that it belonged to someone else. But he contends there was insufficient evidence to establish that he took the mower with the intent to deprive the owner of it.

His contention is based entirely on his testimony. Hahn testified that he picked up the mower to service it. Apparently recognizing that this testimony conflicted with statements he made to the police officer who arrested him, Hahn also testified that the statements he made to the officer were false and made under duress.

But Hahn's argument ignores our standard of review. For starters, the jury was free to not believe Hahn's testimony. Inherent in our review of sufficiency-of-the-evidence challenges is recognition of the fact that the jury is free to reject certain evidence and credit other evidence. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012); *see also State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019) ("The jury is entitled to reject a party's evidence and credit the evidence against it."). Reasonable jurors could have disregarded Hahn's testimony. They could have reasonably concluded that Hahn's testimony that the mother of his child—who lived near the business from which the mower was taken but otherwise had no known connection to the business—told him to pick up the mower because it needed to be serviced was preposterous to the point that it was not believable. And his testimony directly conflicted with the video the jury saw in which Hahn told the arresting officer that he took the mower to give to someone else, he felt "very foolish for doing it," what he did was "very stupid," and what he did was "wrong, very wrong." Jurors were permitted to reject Hahn's testimony if it

3

didn't have these problems. But these inconsistencies in the evidence made rejection of his testimony even more reasonable.

Hahn's incriminating statements to the arresting officer alone amounted to substantial evidence supporting the jury's finding of intent. But there is more. Hahn is captured on the business's surveillance video several hours before the theft while it was still daylight. The video shows Hahn's child climbing over the business's fence to retrieve a football that flew into the business's fenced-in yard. Even though the child had already retrieved the ball, the child opened the gate and Hahn entered. Rather than leaving immediately with his child and the ball, Hahn walked around, taking a long look at the mower before walking the entire perimeter of the yard. When he returned to the mower, he grabbed the mower's handle and pulled it across the yard and left it by the gate before leaving. A couple hours later, when it was dark, the surveillance video shows Hahn reentering the yard, grabbing the mower, and walking off with it. The video shows him walking with the mower down the sidewalk away from the yard and into the street where several vehicles are parked. Reasonable jurors could have concluded that Hahn moved the mower near the gate because he planned to return to steal it. The jurors could also reasonably conclude that Hahn waited to return under the cover of darkness to steal the mower undetected.

Reviewing the evidence in the light most favorable to the State, *see Crawford*, 972 N.W.2d at 202, substantial evidence supports the jury's determination that Hahn intended to permanently deprive the owner of its mower when he took it. Accordingly, we reject his sufficiency-of-the-evidence challenge.

4

## II.    Opening Statement Issue

At trial, defense counsel deferred his opening statement to the start of the defense case.  *See* Iowa R. Crim. P. 2.19(1)(c) (allowing the defense to "reserve the right to make [an opening] statement immediately prior to the presentation of the defendant's evidence").  After the State rested, Hahn initially decided not to testify but changed his mind before the defense informed the court that it rested.  When the jury returned from a recess, the trial continued with the defense case-in-chief, which consisted solely of calling Hahn as a witness.  Hahn's counsel did not make an opening statement, and neither party nor the court commented on such omission.

Hahn contends that he was denied his procedural right to an opening statement and such denial constituted reversible error.  The State contends Hahn failed to preserve this issue for our review, and the State is correct.

To preserve error, a party must raise an issue with the district court and obtain a decision on the issue so the appellate court can assess the merits of the district court's decision.  *Crawford*, 972 N.W.2d at 198.

> Error preservation is important for several reasons: (1) it affords the district court an opportunity to avoid or correct error that may affect the future course of the trial; (2) it provides the appellate court with an adequate record for review; and (3) it disallows sandbagging—that is, it does not allow a party to choose to remain silent in the trial court in the face of error, take a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*Id.* at 199 (cleaned up).

Hahn was not denied the right to make an opening statement.  His counsel simply didn't make one or ask to make one at the appropriate time.  As Hahn never mentioned wanting to make an opening statement after the

State rested, the district court was not given the opportunity to avoid or correct the error Hahn now claims. It would be unfair to fault the district court for an error it was never given the opportunity to correct or avoid. *See id.* If we were to conclude error was preserved here, it would promote sandbagging by providing an incentive for defendants to defer their opening statement, hope the district court forgets about it, and then raise the issue on appeal if convicted. *Cf. id.* (listing the avoidance of sandbagging as a reason supporting error-preservation rules). Because Hahn never asked the court to allow him to make an opening statement and the district court never denied him the opportunity to do so, error is not preserved on his claim. So, we do not reach the merits of it.

## III. Conclusion

Substantial evidence supports the jury's finding that Hahn intended to permanently deprive the owner of its mower, and Hahn failed to preserve error on his claimed denial of his right to make an opening statement. Having rejected both of his challenges, we affirm Hahn's conviction.

**AFFIRMED.**